**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**UNITED STATES OF AMERICA**                              **CRIMINAL ACTION**

**VERSUS**                                                             **NO: 98-207**

**CLIFFORD BAPTISTE**                                          **SECTION "H"**

## ORDER AND REASONS

Before the Court is Defendant Clifford Baptiste's Motion for Early Termination of Supervised Release (Doc. 1621).

On November 1, 2024, Defendant Clifford Baptiste filed a *pro se* motion requesting early termination of his term of supervised release. In September 1999, Defendant was sentenced by Judge Edith Clement to a term of life imprisonment and 10 years' supervised release for drug and gun crimes. In December 2020, this Court reduced Defendant's sentence to 300 months as a result of the First Step Act of 2018. Defendant was released from federal prison on December 23, 2020. Accordingly, Defendant has completed four years of his 10-year term of supervised release.

In his Motion, Defendant asks this Court to release him from further supervision. Defendant contends that he has been in full compliance with the terms of his supervision, has maintained gainful employment, and has

1

successfully reintegrated into society. The Government has opposed his request.

Pursuant to 18 U.S.C. § 3583(e), a district court may terminate supervised release at any time after the expiration of one year if, after considering the factors set forth in § 3553(a), "it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." "The factors to be analyzed generally concern the nature of the offense, the defendant's history, public safety, and the deterrent effect."[1] The district court has broad discretion in considering requests for early termination of supervised release.[2] Courts have held that early termination "is warranted only in cases where the defendant shows changed circumstances, such as exceptionally good behavior."[3]

Here, Defendant has failed to identify any "changed circumstances" warranting early termination of his supervised release. "Compliance with the terms of supervised release and with the law alone is not enough to merit early termination; such conduct is expected and required."[4] Although the Court finds Defendant's rehabilitation laudable, he has completed less than half of his supervised release. The Court finds that given the nature of Defendant's offense and his criminal history, continued supervision appropriately reflects

---

[1] United States v. Hayes, No. 01-311, 2013 WL 5328874, at *1 (E.D. La. Sept. 20, 2013).

[2] United States v. Jeanes, 150 F.3d 483, 484 (5th Cir. 1998).

[3] United States v. Jones, No. V-11-21, 2013 WL 2417927, at *1 (S.D. Tex. June 4, 2013).

[4] United States v. Pitman, No. 9:18-CR-16, 2022 WL 2328868, at *2 (E.D. Tex. June 28, 2022).

the seriousness of his offense and satisfies the goals of public safety and deterrence.

Accordingly;

**IT IS ORDERED** that early termination of supervision is not warranted, and Defendant's Motion is **DENIED**.

New Orleans, Louisiana this 20th day of March, 2025.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**