# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                CRIMINAL ACTION

VERSUS                                  NO: 98-207

CLIFFORD BAPTISTE                        SECTION "H"

## ORDER AND REASONS

Before the Court is Defendant Clifford Baptiste's Second Motion for Early Termination of Supervised Release (Doc. 1708).

In September 1999, Defendant was sentenced by Judge Edith Clement to a term of life imprisonment and 10 years' supervised release for drug and gun crimes. In December 2020, this Court reduced Defendant's sentence to 300 months as a result of the First Step Act of 2018. Defendant was released from federal prison on December 23, 2020. Accordingly, Defendant has completed five years of his 10-year term of supervised release. On November 1, 2024, Defendant filed a *pro se* motion requesting early termination of his term of supervised release. This Court denied that motion, holding that Defendant had failed to identify any "changed circumstances" warranting early termination of his supervised release. On March 5, 2026, Defendant filed a second *pro se*

1

Motion for Early Termination of Supervised Release. The Government has opposed his request.

Pursuant to 18 U.S.C. § 3583(e), a district court may terminate supervised release at any time after the expiration of one year if, after considering the factors set forth in § 3553(a), "it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." "The factors to be analyzed generally concern the nature of the offense, the defendant's history, public safety, and the deterrent effect."[1] The district court has broad discretion in considering requests for early termination of supervised release.[2] Courts have held that early termination "is warranted only in cases where the defendant shows changed circumstances, such as exceptionally good behavior."[3]

Here, Defendant has again failed to identify any "changed circumstances" warranting early termination of his supervised release. Indeed, Defendant identifies almost no grounds supporting his request, beyond that his probation officer supports his motion in light of his "exemplary conduct in complying with all conditions" of supervised release. But "[c]ompliance with the terms of supervised release and with the law alone is not enough to merit early termination; such conduct is expected and required."[4] The Court finds that given the nature of Defendant's offense and his criminal history,

---

[1] United States v. Hayes, No. 01-311, 2013 WL 5328874, at *1 (E.D. La. Sept. 20, 2013).

[2] United States v. Jeanes, 150 F.3d 483, 484 (5th Cir. 1998).

[3] United States v. Jones, No. V-11-21, 2013 WL 2417927, at *1 (S.D. Tex. June 4, 2013).

[4] United States v. Pitman, No. 9:18-CR-16, 2022 WL 2328868, at *2 (E.D. Tex. June 28, 2022).

continued supervision appropriately reflects the seriousness of his offense and satisfies the goals of public safety and deterrence.

Accordingly;

**IT IS ORDERED** that early termination of supervision is not warranted, and Defendant's Motion is **DENIED**.

New Orleans, Louisiana this 30th day of March, 2026.

_____

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

3